IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL A. HAGGERTY,                    Case No. 95-8308-CIV-MORENO

          Plaintiff,

vs.                                     FILED by _____ D.C.

THE UPJOHN COMPANY,                     JUL 1 1 1996

          Defendant.                    CARLOS JUENKE
                                        CLERK U.S. DIST. CT.
_____/        S.D. OF FLA. - MIAMI

**DEFENDANT, THE UPJOHN COMPANY'S, MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT CONDITIONED ON
THE GRANTING OF UPJOHN'S MOTION IN LIMINE
TO EXCLUDE THE OPINION TESTIMONY OF DEBORAH MASH, PH.D.**

Pursuant to Fed. R. Civ. P. 56, Defendant, The Upjohn Company ("Upjohn"), submits this Memorandum in Support of its Motion for Summary Judgment Conditioned on the Granting of Upjohn's Motion in Limine to Exclude the Opinion Testimony of Deborah Mash, Ph.D.  In support thereof, Upjohn would show as follows:

I.    **INTRODUCTION**

In this pharmaceutical product liability case, Plaintiff, Michael Haggerty, alleges his ingestion of Upjohn's prescription medication Halcion® in 1991 caused a variety of injuries. Plaintiff also alleges that the warnings that accompanied Halcion at the time it was prescribed to him were inadequate.

Under applicable law, expert testimony is essential for Plaintiff to establish both claims.  Although Plaintiff originally identified 13 expert witnesses, only one, Deborah Mash, Ph.D., purports to offer an opinion that Halcion is causally related to Plaintiff's alleged injuries.  Similarly, only Dr. Mash purports to

express an opinion regarding the adequacy of Halcion's labeling. If the Court grants Upjohn's Motion in Limine to Exclude the Opinion Testimony of Dr. Mash, Plaintiff will have no expert testimony on those essential elements of plaintiff's claims. Under these circumstances, Upjohn is entitled to judgment as a matter of law.[1/]

## II.   **STATEMENT OF UNCONTESTED MATERIAL FACTS**

1.   Plaintiff alleges that his ingestion of Halcion caused him to suffer emotional and physical injuries, including "significantly altered . . . behavior." (Second Amended Complaint, ¶ 14.) Plaintiff alleges he became aggressive, agitated, hallucinatory, suicidal, belligerent, and assaultive due to Halcion.  *Id*.  He further alleges that he suffers from permanent amnesia regarding these purported behaviors and emotional changes.  *Id*. at ¶ 13.  In his answers to interrogatories, Plaintiff also alleged his Halcion ingestion caused him to suffer psychosis, depersonalization, loss of sense of reality, and bizarre behavior.  (*See* Plaintiff's Response to The Upjohn Company's First Set of Interrogatories, No. 16, relevant portions attached as Exhibit A.)

---

[1/]     Upjohn also has filed a Motion for Summary Judgment Based on Lack of Expert Testimony from a Medical Doctor.  That motion demonstrates that Florida law requires plaintiff to present a physician's expert testimony to support his claims, and that plaintiff has no such expert.  That motion (which is not dependent on the exclusion of Dr. Mash's testimony) presents a separate and independent (albeit similar) ground on which Upjohn is entitled to judgment as a matter of law.

2

2.   Plaintiff alleges that the warnings that accompanied Halcion at the time it was prescribed to Plaintiff were inadequate. (Second Amended Complaint, ¶ 41.)

3.   On April 1, 1996, Plaintiff named 13 expert witnesses pursuant to Local Rule 16.1 and this Court's Order of March 20, 1996.   Of these, only two were represented as having medical causation opinions: Susan Hession, a licensed mental health counselor (LMHC), and Deborah Mash, Ph.D., a pharmacologist. (Plaintiff's Expert Witness Disclosure.)

4.   Only Dr. Mash was identified as having an opinion regarding the adequacy of Halcion's labeling.  *Id.*

5.   Ms. Hession was deposed on May 15, 1996.  Ms. Hession testified she would not be offering a medical causation opinion in this case, or any opinion regarding the adequacy of the warnings accompanying Halcion. (Deposition of Susan Hession, pp. 30, 34-35, relevant portions attached as Exhibit B.)

6.   Dr. Mash was deposed on May 6, 14, and 31, 1996.  Dr. Mash testified she intends to offer opinions regarding both the medical causation of Plaintiff's alleged injuries, and the adequacy of the warnings that accompanied Halcion at the time Plaintiff was prescribed the drug.   (Deposition of Deborah Mash, pp. 29-30, relevant portions attached as Exhibit C.)

7.   For purposes of this Motion, it is assumed the Court has granted Upjohn's Motion in Limine to Exclude Opinion Testimony of

3

Deborah Mash, Ph.D., on one or both of the challenged issues, (1) medical causation, and (2) the adequacy of the warnings which accompanied Halcion at the time plaintiff was prescribed the drug.

## III. PLAINTIFF'S CLAIMS ARE NOT SUBMISSIBLE UNLESS SUPPORTED BY EXPERT TESTIMONY

### A. Plaintiff Must Present Expert Testimony To Prove Medical Causation

To prevail on his claims against Upjohn, Plaintiff must prove a cause and effect relationship between his alleged injuries and his ingestion of Halcion.  *See* <u>Chikovsky v. Ortho Pharmaceutical Corp.</u>, 832 F. Supp. 341, 342 (S.D. Fla. 1993); <u>Pulte Home Corp., Inc. v. Ply Gem Indus., Inc.</u>, 804 F. Supp. 1471, 1486 (M.D. Fla. 1992); <u>Barati v. Aero Indus., Inc.</u>, 579 So. 2d 176, 177 (Fla. App. 1991)(causation is an element of any products liability claim).

The issue of medical causation is clearly one that requires specialized, technical knowledge.  To this end, Florida law provides that only expert witnesses (and specifically, medical doctors) can render medical causation opinions.  <u>Upjohn Co. v. MacMurdo</u>, 562 So. 2d 680, 683 (Fla. 1990).  Courts in other jurisdictions have uniformly required expert testimony to prove medical causation.  *See, e.g.*, <u>Novak v. United States</u>, 865 F.2d 718, 724-25 (6th Cir. 1989)("Because it involves a medical condition or illness, the plaintiff must show by a reasonable degree of medical certainty that the disease was caused by . . ." defendant's vaccine); <u>Richardson v. Richardson-Merrell, Inc.</u>, 857

4

F.2d 823, 829 (D.C. Cir. 1988)(pharmaceutical medical causation question is "scientific in nature, and it is to the scientific community that the law must look for an answer"), *cert. denied*, 493 U.S. 882 (1989).[2/]

### B. Plaintiff Must Present Expert Testimony To Prove That The Labeling For Halcion Was Inadequate.

Similarly, only an expert can assess the adequacy of warnings that manufacturers of prescription drugs provide to physicians. *See* <u>Upjohn Co. v. MacMurdo</u>, 562 So. 2d 680, 683 (Fla. 1990)("the adequacy or inadequacy of the warning to inform a physician must, except in the more obvious situations, be proved by expert testimony").

Courts in other jurisdictions are in accord. *See* <u>Harkins v. Calumet Realty Co.</u>, 614 A.2d 699, 707 (Pa. Super. Ct. 1992)(expert testimony required concerning warnings accompanying surgical cottonoids); <u>Northern Trust Co. v. Upjohn</u>, 213 Ill. App. 3d 390, 398-99 (Ill. App.), *review denied*, 580 N.E.2d 119 (Ill. 1991), *cert. denied*, 112 S. Ct. 1172 (1992)(Because a prescription drug warning is addressed to the physician, "[o]nly a physician or someone with specialized knowledge would be qualified to determine

---

[2/]     *See also*, <u>Chaney v. SmithKline Beecham Corp.</u>, 764 F.2d 527, 529-30 (8th Cir. 1985) (asking jury to speculate without "expert medical testimony to the effect that a causal connection" existed between a drug and a physical injury "would be folly"); <u>Rohrbough v. Wyeth Labs, Inc.</u>, 719 F. Supp. 470, 476 (N.D. W.Va. 1989)(proof of causation by expert testimony required in vaccine case), *aff'd.*, 916 F.2d 970 (4th Cir. 1990).

LAW OFFICES ANDERSON, MOSS, SHEROUSE & PETROS, P.A.

SUITE 2500 NEW WORLD TOWER, 100 NORTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33132 · TELEPHONE (305) 358-5171

whether the warning was inadequate"); <u>Dion v. Graduate Hospital</u>, 820 A.2d 876, 881 (Pa. Super. Ct. 1987)(non-suit granted to defendant drug manufacturer because the plaintiff failed to offer appropriate expert testimony on the adequacy of the prescription drug warning); <u>Carlsen v. Javarek</u>, 526 F.2d 202 (8th Cir. 1975) (plaintiff's claim against drug manufacturer dismissed because of failure to offer expert testimony).

### C. Because Plaintiff Has No Admissible Expert Testimony, He Cannot Prove Any Of His Claims Against Upjohn

Assuming Upjohn's challenge to the admissibility of Dr. Mash's testimony has been upheld, Plaintiff has no expert testimony on one or both of the issues of (1) medical causation or (2) adequacy of Halcion's warnings.   Plaintiff, therefore, cannot establish a genuine issue of material fact as to the medical cause of his behavior, or as to the adequacy of Upjohn's warnings, <u>both</u> of which are essential elements of his claims.   Upjohn is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56(c). <i>See</i> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986)(summary judgment proper when a party fails to offer proof on essential element of his claims).

### IV.   CONCLUSION

For the each of the foregoing reasons, defendant The Upjohn Company respectfully requests that the Court grant its motion, enter summary judgment in favor of Upjohn on each of Plaintiff's

6

claims, and award such other relief as the Court may deem just and proper.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this ___10___ day of June, 1996, to: **JAMES M. MCCANN, JR., ESQUIRE**, Akerman, Senterfitt & Eidson, P.A., Phillips Point, East Tower, 777 South Flagler Drive, Suite 900, West Palm Beach, Florida 33401.

> PAUL D. SNYDER, ESQUIRE
> ALEXANDER B. ROBB, ESQUIRE
> SHOOK, HARDY & BACON, L.L.P.
> One Kansas City Place
> 1200 Main Street
> Kansas City, Missouri 64105-2118
>
> and
>
> ANDERSON, MOSS, SHEROUSE
>   & PETROS, P.A.
> 100 N. Biscayne Boulevard
> 2500 New World Tower
> Miami, Florida  33132
> (305)  358-5171
> (305)  358-7470 Facsimile
>
> By: _____
>      THOMAS M. SHEROUSE
>      Florida Bar No.:  221295
>
>      Co-Counsel for DEFENDANT
>      THE UPJOHN COMPANY

4644\pleading\mol-mash.grn

7