FILED
AUG -2 1996
CARLOS ...
CLERK, U... / S.F.L / MIA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL A. HAGGERTY,       Case No. 95-8308-CIV-MORENO

    Plaintiff,

vs.       DEFENDANT THE UPJOHN COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON LACK OF EXPERT TESTIMONY

THE UPJOHN COMPANY,       FROM A MEDICAL DOCTOR

    Defendant.

_____/

I. **THE COURT'S DETERMINATION OF THIS MOTION IN ADVANCE OF THE SEPTEMBER 5, 1996 HEARING MAY RESOLVE THIS CASE AND AVOID COSTLY HEARING AND TRIAL PREPARATION.**

Because the issue raised by this motion for summary judgment is purely a matter of law, i.e., whether only a medical doctor is qualified to express opinions regarding medical causation and the adequacy of warnings for prescription drugs, the September 5, 1996 hearing regarding Deborah Mash, Ph.D. will <u>not</u> be determinative of this motion. The only issue of fact that is relevant to this motion is whether Dr. Mash is a medical doctor. It is undisputed that she is not. Because this motion is now ripe for ruling as a matter of law, The Upjohn Company respectfully requests the Court, as a matter of judicial economy and economy for the parties, to take up and rule this motion at the Court's first opportunity prior to the September 5, 1996 hearing.

By the time of the September 5, 1996 hearing, the parties will have expended the time and money to fully prepare for trial, now set to begin on September 9, 1996. The Court's determination of this motion in advance of that hearing may avoid that eventuality,

Case No. 95-8308-CIV-MORENO

at considerable savings to the parties. It goes without saying that both parties appreciate the Court's consideration.

## II. INTRODUCTION

Plaintiff admits in his response to Defendant The Upjohn Company's ("Upjohn") summary judgment motion that his only identified expert on the key issues of medical causation and adequacy of warnings, Deborah Mash, Ph.D., is not a medical doctor. Plaintiff fails to demonstrate that courts in Florida or any other jurisdiction accept non-physician expert testimony on these critical issues. For these reasons, Upjohn respectfully renews its request that summary judgment be entered as a matter of law.[1]

## III. ONLY A MEDICAL DOCTOR IS QUALIFIED TO GIVE THE REQUIRED MEDICAL CAUSATION OPINIONS IN THIS CASE.

Plaintiff misunderstands his burden to demonstrate both general <u>and</u> specific causation.[2] He cites to a number of federal decisions which he argues permit a non-

---

[1] Plaintiff's response contains large amounts of irrelevant "factual" recitations and argument that have nothing to do with the relatively simple issue of whether only a medical doctor can express opinions relating to medical causation and adequacy of warnings. For example, plaintiff attaches to his response portions of a Food and Drug Administration (FDA) Task Force report. <u>See</u> Plaintiff's Response, Exhibit H. Besides being irrelevant, the report does not satisfy the requirements of Fed. R. Civ. P. 56(e), which directs that a party may oppose a motion for summary judgment with "depositions, answers to interrogatories, or . . . affidavits." <u>See</u> <u>First Nat. Life Ins. v. California Pac. Life</u>, 876 F.2d 877, 81 (11th Cir. 1989) (material not properly authenticated should not be considered in opposition to motions for summary judgment). For these reasons, the Court should disregard the Task Force report and similar unauthenticated and irrelevant materials.

[2] That is, plaintiff must present qualified medical evidence that Halcion is both capable of causing the type of injuries he alleges (general causation), and that it did, in fact,
(continued...)

LAW OFFICES ANDERSON, MOSS, SHEROUSE & PETROS, P.A.
SUITE 2500 NEW WORLD TOWER, 100 NORTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33132 • TELEPHONE (305) 358-5171

Case No. 95-8308-CIV-MORENO

physician to testify regarding medical causation. He is incorrect; none of the cited decisions permit non-physicians to testify to <u>specific</u> medical causation. For example, in <u>Bowers v. Northern Telecom, Inc., 905 F. Supp. 1004 (N.D. Fla. 1995), two ergonomics experts were</u> permitted to testify regarding the "association" between the product at issue, keyboards, and the type of ailment the plaintiff suffered. <u>Id.</u> at 1009. Neither offered any opinion that the particular plaintiff had particular injuries caused by a particular product. They were "not qualified to diagnose . . . specific injuries." <u>Id</u>. Similarly, the plaintiffs in <u>Wells v. Ortho Pharmaceutical Corp., 788 F.2d 741 (11th Cir. 1986), did not rely on their pharmacologist</u> expert to prove specific causation. Rather, the plaintiffs presented two board certified <u>medical doctors</u> to testify regarding specific causation. <u>See id.</u> at 744. Plaintiff also cites <u>Dawsey v. Olin Corp.</u>, 782 F.2d 1254 (5th Cir. 1986), which supports Upjohn's position. In <u>Dawsey</u>, the plaintiff presented four medical doctors as causation experts: a board certified psychiatrist, a neurologist, a board certified pulmonologist, and a physician board certified in internal medicine with a subspeciality in pulmonary disease. <u>Id</u>. at 1256-58. Additionally, plaintiff presented a biochemist to testify regarding the properties and general affects on humans of phosgene, the chemical product at issue. The non-physician biochemist "never expressed an opinion as to how phosgene specifically affected" the plaintiffs, and therefore was not testifying as a "medical expert." <u>Id.</u> at 1262.[3]

---

[2](...continued)
    cause his specific injuries (specific causation).

[3] The other cases upon which plaintiff relies are no different, each restricting non-
(continued...)

2293.ATT

- 3 -

LAW OFFICES ANDERSON, MOSS, SHEROUSE & PETROS, P.A.
SUITE 2500 NEW WORLD TOWER, 100 NORTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33132 • TELEPHONE (305) 358-5171

Case No. 95-8308-CIV-MORENO

In contrast to <u>Dawsey</u> and <u>Wells</u>, plaintiff has <u>no</u> medical doctor who will provide opinions regarding specific causation of his alleged injuries. He cannot prove his case absent qualified expert testimony from a medical doctor, and Dr. Mash simply cannot fill that role.[4]

---

[3](...continued)
  physician experts to general risk or general causation opinions. In <u>Hopkins v. Dow Corning Corp.</u>, 33 F.3d 1116 (9th Cir. 1994), plaintiff presented two medical doctors on the issue of specific causation, while the toxicologist expert only testified as to a general causal connection between the product and type of disease at issue. <u>Id.</u> at 1124. See also <u>Backes v. Valspar Corp.</u>, 783 F.2d 77, 79-80 (7th Cir. 1986) (chemist allowed to testify regarding general propensity for contaminated water to cause disease, while court noted that this evidence would not survive a directed verdict motion); <u>Gideon v. Johns-Manville Sales Corp.</u>, 761 F.2d 1129, 1135 (5th Cir. 1985) (medical doctor presented as principle causation expert, with epidemiologist allowed to testify only regarding the epidemiological data demonstrating risks of cancer from asbestos exposure); <u>Roberts v. United States</u>, 316 F.2d 489, 492 (3rd Cir. 1963) (causation opinions presented by neurologist, neuropsychiatrist and internal medicine specialist physicians, with toxicologist testifying only as to general propensity of chemical product to be toxic to humans); <u>Zuchowich v. United States</u>, 870 F. Supp. 15, 19 (D. Conn. 1994) (qualifications of expert neither challenged nor discussed, as issue before the court was methodology adopted by expert); <u>Owens v. Concrete Pipe & Products, Inc.</u>, 125 F.R.D. 113, 115 (E.D. Pa. 1989) (non-physician experts "not qualified to diagnose medical condition," but permitted to testify regarding the general risks associated with exposure to chemicals).

[4] Plaintiff also refers to the deposition testimony of Dr. David Baron, who prescribed Halcion to plaintiff. Although plaintiff suggests that Dr. Baron testified that Halcion caused plaintiff's alleged injuries, the opposite is true. When Dr. Baron was asked whether he believed Halcion caused plaintiff's alleged behavior, he responded: "No." See 5/7/96 deposition of Dr. David Baron, p. 91, attached as Exhibit A. Dr. Baron's subsequent statement, upon which plaintiff relies, that plaintiff's alcohol consumption combined with Halcion gave him "reason to believe" that Halcion played a "role" in plaintiff's behavior is <u>not</u> the type of expert medical testimony, expressed to reasonable degree of medical certainty, that rises to the level of presenting a genuine issue of material fact.

LAW OFFICES ANDERSON, MOSS, SHEROUSE & PETROS, P.A.
SUITE 2500 NEW WORLD TOWER, 100 NORTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33132 • TELEPHONE (305) 358-5171

Plaintiff's reliance on a Florida case is also misplaced. Plaintiff asserts that <u>Horowitz v. American Motorist Ins. Co.</u>, 343 So.2d 1305 (Fla. App. 1977) demonstrates that "Florida courts do not discriminate against or state preferences for various types of medical care providers." (Plaintiff's Response, p. 14) (emphasis added). Dr. Mash, however, is <u>not</u> a medical care provider. She is a research scientist who has never treated, cared for, diagnosed, or prescribed medications for any patient. She is not a "nurse, psychologist, chiropractor, or osteopathic physician," which are categories of medical providers plaintiff contends are qualified to supply expert testimony. <u>Id</u>.

### IV. ONLY A MEDICAL DOCTOR IS QUALIFIED TO EXPRESS AN OPINION ON THE ADEQUACY OF WARNINGS FOR A PRESCRIPTION DRUG.

Plaintiff asserts that Florida does not restrict opinions regarding the adequacy of prescription pharmaceutical warnings to medical doctors. To support this assertion, plaintiff urges the Court to examine the cases cited by the Florida Supreme Court in <u>Upjohn Co. v. MacMurdo</u>, 562 So. 2d 680, 683 (Fla. 1990). The cases are <u>Wyeth Laboratories, Inc. v. Fortenberry</u>, 530 So. 2d 688 (Miss. 1988), <u>Hill v. Squibb & Sons, E.R.</u>, 592 P.2d 1383 (Mont. 1979), and <u>Dion v. Graduate Hosp.</u>, 520 A.2d 876 (Pa. Super. 1987). However, each of these cases supports Upjohn's position. In <u>Wyeth Laboratories, Inc. v. Fortenberry</u>, the Mississippi Supreme Court affirmed judgment for the defendant manufacturer on the ground that, with only a biochemist testifying, the plaintiff had not presented sufficient evidence to demonstrate the product's warnings were inadequate. 530 So. 2d at 692-93. Similarly, in <u>Dion v. Graduate Hosp. of Univ.</u>, the trial court granted a nonsuit to the

LAW OFFICES ANDERSON, MOSS, SHEROUSE & PETROS, P.A.
SUITE 2500 NEW WORLD TOWER, 100 NORTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33132 • TELEPHONE (305) 358-5171

defendant drug manufacturer because plaintiff failed to present necessary expert testimony regarding the adequacy of the product's warnings. The trial court reasoned that, since prescription drug warnings were aimed at physicians, only a physician or someone with the same "education and experience" as a physician would be qualified to testify as to the adequacy of the warnings. 520 A.2d at 879. Finally, in Hill v. Squibb & Sons, E.R., the Montana Supreme Court affirmed a directed verdict for the defendant drug manufacturer, stating:

> As a general rule, the duty of a drug manufacturer to warn of the dangers inherent in a prescription drug is satisfied if adequate warning is given to the physician who prescribes it. . . . **By logical extension, then, since the warning is directed to physicians, only they or someone with similar expertise concerning pharmaceuticals would be qualified to determine whether or not the warnings was adequate.**

592 P.2d at 1387-88 (emphasis added).

In Upjohn v. MacMurdo, the Florida Supreme Court adopted the reasoning of these decisions and determined that the qualifications of pharmacologists (such as Dr. Mash) were insufficient to allow such individuals to render expert opinions on the adequacy of warnings for prescription drugs, which are directed to medical doctors. Upjohn is entitled to judgment as a matter of law, as plaintiff has no qualified expert testimony to demonstrate any inadequacy in Upjohn's warnings, an essential element to his claim.[5]

---

[5] Contrary to plaintiff's assertions, Dr. Baron has not criticized the warnings for Halcion that were in effect at the time he prescribed Halcion to plaintiff. The relevant testimony was as follows:

> Q: At the time that you prescribed Halcyon [sic] to plaintiff on March 4,
> (continued...)

LAW OFFICES ANDERSON, MOSS, SHEROUSE & PETROS, P.A.
SUITE 2500 NEW WORLD TOWER, 100 NORTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33132 • TELEPHONE (305) 358-5171

Case No. 95-8308-CIV-MORENO

## CONCLUSION

For the each of the foregoing reasons and those presented in Upjohn's Motion, defendant The Upjohn Company respectfully requests that the Court grant its motion, enter summary judgment in favor of Upjohn on Plaintiff's claim, and award such other relief as the Court may deem just and proper.

---

[5](...continued)
    1991, in your opinion did the package labeling, did the package insert at the time give you adequate information that you were able to take along with your clinical judgment and evaluation to safely prescribe Halcyon [sic]?

    A:    Yes.

(5/7/96 Deposition of David M. Baron, p. 74, attached as Exhibit A.)

2293.ATT      - 7 -

Case No. 95-8308-CIV-MORENO

Respectfully submitted,

PAUL D. SNYDER, ESQ.
ALEXANDER B. ROBB, ESQ.
SHOOK, HARDY & BACON L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105-2118
Telephone: 1-816-474-6550
Facsimile: 1-816-421-5547

and

ANDERSON, MOSS, SHEROUSE
 & PETROS, P.A.
25th Floor, New World Tower
100 North Biscayne Boulevard
Miami, Florida 33132
Telephone: 1-305-358-5171
Facsimile: 1-305-358-7470

By: _____
Spencer A. Emison, Esq.
Florida Bar No.: 840947

Co-Counsel for DEFENDANT
THE UPJOHN COMPANY

2293.ATT - 8 -

LAW OFFICES ANDERSON, MOSS, SHEROUSE & PETROS, P.A.
SUITE 2500 NEW WORLD TOWER, 100 NORTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33132 • TELEPHONE (305) 358-5171

Case No. 95-8308-CIV-MORENO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **DEFENDANT THE UPJOHN COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON LACK OF ADMISSIBLE EXPERT TESTIMONY FROM A MEDICAL DOCTOR**, was served this 5th day of August, 1996, upon the following by United States mail, first class, postage prepaid:

> James M. McCann, Jr., Esq.
> AKERMAN, SENTERFITT & EIDSON, P.A.
> Phillips Point - East Tower
> 777 South Flagler Drive, Suite 900
> West Palm Beach, Florida 33401

_____
Spencer A. Emison, Esq.
Attorney for Defendant

2293.ATT

- 9 -

LAW OFFICES ANDERSON, MOSS, SHEROUSE & PETROS, P.A.
SUITE 2500 NEW WORLD TOWER, 100 NORTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33132 • TELEPHONE (305) 358-5171

```
            IN THE UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

                       MIAMI DIVISION

                           CASE NO. 95-8308 CIV-MORENO


MICHAEL A. HAGGERTY,

        Plaintiff,

vs.

THE UPJOHN COMPANY,

        Defendant.
_____/
```



```
                           13005 Southern Blvd.
                           Loxahatchee, Florida
                           Tuesday, 1 p.m.
                           May 7, 1996


                         DEPOSITION

                             OF

                    DAVID M. BARON, M.D.

         taken on behalf of the Defendant pursuant to
              a Notice of Taking Deposition.

                           - - -
```



EXHIBIT   A



FRIEDMAN, LOMBARDI, GENDRON & OLSON

1  that plaintiff had in fact consumed six-packs of beer on
2  occasion, would that have affected your prescribing
3  decision?
4      A   Not necessarily, because a six-pack of beer on
5  occasion is Sunday afternoon football.  So it wouldn't
6  necessarily change my decision.
7      Q   At the time that you prescribed Halcyon to
8  plaintiff on March 4, 1991, in your opinion did the
9  package labeling, did the package insert at the time give
10 you adequate information that you were able to take along
11 with your clinical judgment and evaluation to safely
12 prescribe Halcyon?
13         MR. MCCANN:  Object to the form of the
14     question.
15     A   Yes.
16     Q   We've referred previously to Defendant's
17 Exhibit 2, the Palm West Hospital records.  Have you seen
18 Palm West Hospital records before?
19     A   Yes.
20     Q   Do you see them on a fairly frequent basis in
21 your work at Palm West Hospital?
22     A   Yes.
23     Q   Are you familiar with the forms that they use
24 at the hospital?
25         MR. MCCANN:  You don't have to use him to



1 that question?
2     A    That's correct.
3     Q    As you sit here today, do you have any reason
4 to believe that the Halcyon prescription caused the
5 behavior that led to the incident of April 20th, 1991?
6     A    The Halcyon alone?
7     Q    Well, let's start with the Halcyon alone.
8     A    No.
9     Q    Do you have any reason to believe that the
10 Halcyon in connection with other things caused the
11 behavior that was exhibited on April 20th, 1991?
12     A    Reason to believe, yes.
13     Q    And what is the basis of that?
14     A    Well, the fact of concomitant use with alcohol.
15     Q    What on what do you base that opinion?
16     A    On the basis of the knowledge that alcohol can
17 potentiate the effects of any of the benzodiazepines,
18 sleeping agents.
19     Q    You read some nursing notes, some notes from a
20 nursing chart regarding the 28 pills. Do you recall
21 those notes?
22     A    Yes.
23     Q    I'm skipping around, make sure we're on track.
24     A    I recall the note. It was signed by B.J. Ludi.
25     Q    Now, I think you testified earlier that the

FRIEDMAN, LOMBARDI, GENDRON & OLSON

1                        CERTIFICATE

2
    STATE OF FLORIDA    )
3                       )  ss.
    COUNTY OF DADE      )
4

5            I, ALICE TESLICKO SIERRA, CSR., a Certified
    Shorthand Reporter and Notary Public for the State of
6   Florida at Large, do hereby certify that I reported the
    deposition of David M. Baron, M.D., witness called
7   by the Defendant in the above-styled cause; that
    the witness was duly sworn by me; and that the foregoing
8   pages, numbered from 1 to 113, inclusive, constitute a
    true and correct transcription of my shorthand report of
9   the deposition of said witness.

10           I further certify that I am not an attorney
    or counsel of any of the parties, nor a relative or
11  employee or counsel connected with the action, nor
    financially interested in the action.
12
             WITNESS my hand and official seal in the
13  City of Miami, County of Dade, State of Florida, this
    14th day of May, 1996.
14

15

16                          ALICE TESLICKO SIERRA, CSR
    My commission expires:
17  December 18, 1998

    [Notary seal: ALICE TESLICKO SIERRA, COMMISSION NUMBER CC426480, MY COMMISSION EXP. DEC. 14, 1998]

18

19

20

21

22

23

24

25

                    FRIEDMAN, LOMBARDI, GENDRON & OLSON